IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

In re.:

Heparin Products Liability Litigation            MDL No. 1953

*******************************

Gary Fioretti,

        Plaintiff                                   Case No.1:10HC60148

   v.                                                      **ORDER**

Baxter Healthcare Corporation, *et al*.,

        Defendants


This is a suit arising from the alleged administration of contaminated heparin, which the Judicial Panel on Multi-District Litigation has referred to the undersigned.

Pending are motions for summary judgment by the remaining defendants, Baxter Healthcare Corporation (and the related defendants listed on its motion) (Doc. 11) and B. Braun Medical, Inc. (Doc. 20). For the reasons that follow, I grant the motions.

**Background**

Plaintiff's mother, Yolanda Fioretti, then aged seventy-eight, entered Wellington Regional Medical Center on March 2, 2008. Hospital records indicate that, as of admission, Coumadin, a blood thinner, was one of her medications.

A blood test indicated that she was at high risk of uncontrolled bleeding. Attending physicians recommended a blood transfusion. They informed her son, plaintiff Gary Fioretti, that they would be stopping the Coumadin and giving his mother a different blood thinner, heparin, with the transfusion. This conversation occurred in the context of enabling plaintiff to give informed consent to his mother's treatment.

After Mrs. Fioretti received her transfusion, she entered the ICU. About ten hours after the transfusion, a doctor diagnosed Coumadin poisoning. The doctor recommended termination of all anti-coagulant medication.

In the evening of March 6, 2008, the third day thereafter, Mrs. Fioretti complained of shortness of breath. Her oxygen had desaturated. The diagnosis was of bronchopneumonia. The following day, March 8, 2008, her oxygen having desaturated further, treating physicians diagnosed her with acute respiratory failure of unknown cause.

A week later, on March 15, 2008, she was diagnosed with sepsis syndrome and thrombocytopenia. To rule out heparin-induced thrombocytopenia,, doctors ordered an HIT test.

Mrs. Fioretti's condition continued to deteriorate. She died on March 30, 2008.

**Discussion**

Defendants seek summary judgment on the basis that plaintiff has no admissible proof that his mother ever received *any* heparin – much less contaminated heparin produced by any of them.

Nothing in his mother's medical records indicates administration of heparin.

The only contradictory evidence to the effect that Mrs. Fioretti received heparin is the plaintiff's statement that his mother would be receiving heparin concurrently with her transfusion.

Plaintiff seeks to avoid summary judgment on the basis that a conflict between medical records and other evidence can create issues of fact sufficient to get a case to a jury.

Regardless, in this case there is no conflict between the records and other evidence, because there is no admissible evidence contradicting the medical records. The statement on which plaintiff relies – that his mother would be receiving heparin – is inadmissible hearsay. Plaintiff does not state who told him that, what his or her qualifications were  or what role he or she was playing in the making of decisions as to his mother's diagnosis and/or treatment.[1]

It is, therefore,

ORDERED THAT defendants' motions for summary judgment (Docs. 11, 20) be, and the same hereby are granted.

So ordered.

/s/ James G. Carr
Sr. United States District Judge

---

[1] Plaintiff does not cite Fed. R. Evid. 803(4) in support of his argument. I decline to consider whether, if he had, this exception to the hearsay rule would have been pertinent. In any event, even if it were, plaintiff has failed to show who manufactured the heparin his mother allegedly received and that it was more likely than not to have come from a contaminated lot. His effort to conduct further discovery on these questions comes too late to be allowed under the circumstances of this case.